USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___8-24-17___

BMG RIGHTS MANAGEMENT, LLC, et al.,

                Plaintiffs,

    v.

ATLANTIC RECORDING CORP., et al.,

                Defendants.

16-cv-7443 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, District Judge:

BMG Rights Management, Primary Wave Music Publishing, Nicholas Balding, Robert Brackins, Jon Redwine, and Notting Dale Songs, Inc. (collectively, "Plaintiffs") bring this copyright infringement action against Atlantic Recording Corp. ("Atlantic"), WEA, Inc., Dijon McFarlane ("DJ Mustard"), Omari Grandberry ("Omarion"), Songs Music Publishing, and Universal Music.

Atlantic, WEA, DJ Mustard, Omarion, and Universal Music (collectively, "Defendants") have moved to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 19.) For the reasons set forth below, Defendants' Motion to Dismiss is partially GRANTED.

## I.    BACKGROUND

Plaintiffs allege that the musical composition "Post to Be" is an unauthorized derivative of the musical composition "Came to Do."

Plaintiffs, with R&B artist Chris Brown ("Brown"), are some of the co-owners of the song "Came to Do," which was released on the album *X* by Brown, on September 12, 2014. "Came to Do" was composed around June of 2014, and was later recorded by Brown, featuring

the musical artist Akon, before being released on Brown's album. (Complaint ¶ 15 (Doc. No. 1); Defs.' Mot. to Dismiss ("MTD") at 5 (Doc. No. 22).)

Brown is also one of the co-authors of "Post to Be," along with Defendants DJ Mustard and Omarion. It was first released as a single song on November 11, 2014, and later appeared on Omarion's album *Sex Playlist.* (MTD Exs. F–J.)[1] Defendant Atlantic released the "Post to Be" single and the *Sex Playlist* album. Defendant WEA allegedly distributed the album.[2] (Complaint ¶ 29.) The U.S. Copyright Office has not yet issued a registration for "Post to Be," although Defendant Universal Music filed a copyright application, which listed Brown as a co-author. (MTD Ex. J.)

Brown remains a copyright co-owner of "Post to Be." (MTD at 13.) He continues to receive performance and publishing royalties from both "Came to Do" and "Post to Be." (MTD Exs. D–E, H–J.)

Plaintiffs allege that "Post to Be" is an unauthorized derivative work of "Came to Do," based on, *inter alia*: (a) the two-measure synthesized bass line is the main instrumental feature in the opening four measures of both compositions, inclusive of similar syncopated rhythms; (b) the pre-chorus parts contain substantially similar vocal melodies, and are introduced at the same time in both; (c) claps or snaps in the backbeats are introduced at the same time in both; (d) "oh" and "oo" backing vocals commence exactly at the same time in both; (e) chanted or whispered background vocals commence at precisely the same time in both; (f) a more complex drum pattern is introduced at the same time in both; and (g) the tempo of both compositions is nearly

---

[1] The Court considered documents integral to and incorporated in the Complaint, whether or not these documents were attached to the complaint, such as the Copyright Registrations for "Came to Do" and "Post to Be." *See Nicosia v Amazon.com, Inc*, 834 F.3d 220, 230 (2d Cir. 2016).

[2] Defendant WEA claims that it did not distribute the *Sex Playlist* album.

2

identical, (Complaint ¶ 33), with allegedly identical "pitches, intervals, rhythmic durations and beat placement" for the melodies of the title lyrics. *Id.* ¶ 32.

Plaintiffs seek an injunction forbidding further acts of copyright infringement, damages, recovery of profits, and a declaratory judgment setting forth the proportion of the publishing royalties due Plaintiffs in the future from the exploitation of "Came to Do." *Id.* ¶ 55. Defendant Songs Music Publishing answered the Complaint, denying the allegations. (*See* Doc. No. 18.)

## II.   LEGAL STANDARD

When deciding a motion to dismiss, a court must accept all well-pleaded factual allegations as true, while drawing all reasonable inferences in favor of the non-moving party. *See Kaufman v. Time Warner*, 836 F.3d 137, 141 (2d Cir. 2016). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A claim has "facial plausibility" where the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

On a motion to dismiss, a court may consider any documents attached to the complaint, incorporated by reference, or relied upon and integral to the complaint. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

### III. DISCUSSION

The Court will assume, only for the purpose of deciding this Motion, that "Post to Be" is derivative of "Came to Do." Defendants contend that, nevertheless, they cannot be liable for copyright infringement, because Brown is a joint author and joint owner of both songs. Under the Copyright Act, copyright protection "vests initially in the author or the authors of a work." 17 U.S.C. § 201(a). "A work that is the product of joint authorship is a 'joint work.'" 1 *Nimmer on Copyright* § 6.03 (2017) ("*Nimmer*"). Each joint author "has the right to use or to license the work as he or she wishes," without co-author consent, "subject only to the obligation to account to the other joint owner for any profits that are made." *Davis v. Blige*, 505 F.3d 90, 98 (2d Cir. 2007); *see also Childress v. Taylor*, 945 F.2d 500, 505 (2d Cir. 1991) (joint *owners* also hold undivided interests in a work).

#### A. Brown's Joint Authorship of "Came to Do"

As a joint author and joint copyright owner of "Came to Do," Brown had the unrestricted right to use the song as he pleased—such as distribute, perform, and display the song, or create derivative works. *Weissmann v. Freeman*, 868 F.2d 1313, 1317–18 (2d Cir. 1989); *Davis*, 505 F.3d at 98 (quoting 17 U.S.C. § 106).

The Second Circuit, in *Weissmann v. Freeman*, addressed a similar situation, in which a joint work was used by a co-author in a derivative work. The court held that "an action for infringement between joint owners will not lie because an individual cannot infringe his own copyright." *Weissmann*, 868 F.2d at 1317–18.

Thus, Brown cannot, as a matter of law, be held liable by another joint owner of "Came to Do" for any derivative works he created, or for any licenses (implied or otherwise) he granted, with respect to "Post to Be."

B.  Brown's Co-Owners of the Copyright to "Post to Be" are Not Liable for

     Infringement

Plaintiffs acknowledge that Brown is also a co-author and co-owner of "Post to Be." (*See* Pls.' Opp'n at 5 (Doc. No. 26) ("Plaintiffs have long been aware, and do not contest, Brown is a common writer of both compositions.").) Plaintiffs claim, however, that Brown was required to grant his "Post to Be" co-creators a license to create and produce "Post to Be." They contend that because Brown did not, Defendants committed copyright infringement.

Plaintiffs misread the law. Where an author creates a *derivative* work from a work he co-authored with others, the co-authors of the underlying work acquire no copyright ownership in the newly created work. 17 U.S.C. § 103(b); *Nimmer* § 3.04 (citing *MCA, Inc. v. Wilson*, 425 F. Supp. 443, 455 (S.D.N.Y. 1976), *aff'd and modified*, 677 F.2d 180 (2d Cir. 1981)).

The Court holds that Brown was not required to grant his "Post to Be" co-authors a license. A co-author enjoys "the right to use or to license the work as he or she wishes." *Thomson v. Larson*, 147 F.3d 195, 199 (2d Cir. 1998). Brown was thus entitled to exploit "Came to Do" as he wished, which he did by co-writing "Post to Be" with Defendants Omarion, DJ Mustard, and several other songwriters, and by allowing Atlantic, WEA, and Universal Music to release, distribute, and manage "Post to Be." Brown's failure to grant a license to his co-authors of "Post to Be" does not render Defendants liable for copyright infringement.

Copyright infringement is in the nature of tort, wherein "all who participate in the infringement are jointly and severally liable." *Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552, 554 (2d Cir. 1972). It follows that if one co-author (in this case, Brown), cannot be held to have infringed, that person's co-authors cannot be held to have infringed, either.

Accordingly, the Court holds that there was no infringement.

### C. Plaintiffs May Be Entitled to a Recovery of Profits

The Court has not decided, at this stage, whether or not "Post to Be" is a derivative of "Came to Do." If it is, the joint owners of "Post to Be" must account for the profits they derived from the exploitation of "Came to Do." Defendants concur that if Plaintiffs are able to prove that "Post to Be" incorporates copyrightable expression from "Came to Do," Plaintiffs are entitled to recover profits from that use. (*See* MTD at 17 n.13.)

Plaintiffs have stated sufficient facts to allege that "Post to Be" incorporates copyrighted elements from "Came to Do." (*See, e.g.*, Complaint ¶¶ 32–33.)

### D. Claims Will Be Dismissed Against the Remaining Defendant

The rationale for dismissing the claims against Defendants also applies to Songs Music Publishing. Unless the parties object within twenty days, by September 13, 2017, the court will assume that Songs Music Publishing wishes to join Defendants' Motion to Dismiss, which the Court will partially grant for the same reasons set forth in this Opinion.

### IV. Conclusion

Because there was no copyright infringement, the Motion to Dismiss is partially GRANTED, as set forth herein.

Discovery on the issue of whether or not "Post to Be" incorporates copyrightable expression from "Came to Do," such that Defendants would be liable to Plaintiffs for their share of profits from "Post to Be," shall commence no later than September 12, 2017, and shall end no later than November 3, 2017.

No later than September 18, 2017, counsel shall submit a schedule for the remaining events in this case, such that the case can be closed no later than December 14, 2017.

6

If Plaintiffs wish to file an Amended Complaint, they may do so by September 15, 2017.

This resolves Docket No. 19.

SO ORDERED.

Dated: New York, New York
August 24, 2017

_____
THE HON. KIMBA M. WOOD
United States District Judge