USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BMG RIGHTS MANAGEMENT, LLC, et al.,

                      Plaintiffs,

v.

ATLANTIC RECORDING CORP., et al.,

                      Defendants.

16-CV-7443 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendants Atlantic Recording Corporation ("Atlantic"), WEA, Inc. ("WEA"), Omari Grandberry ("Omarion"), and Songs of Universal, Inc.[1] ("Songs of Universal") (collectively, the "Moving Defendants") have moved for reconsideration of the portion of this Court's August 24, 2017 Opinion and Order (the "Order") that held that if Plaintiffs were to show that "Post to Be" is a derivative work of "Came to Do," that the joint owners of "Post to Be" would need to account for profits they derived from the exploitation of "Came to Do." For the reasons set forth below, the Moving Defendants' Motion for Reconsideration is GRANTED.

I.    **BACKGROUND**

On September 23, 2016, Plaintiffs BMG Rights Management (US), LLC; Primary Wave Music Publishing, LLC; Nicholas Matthew Balding, Robert Clifton Brackins III, Jon Redwine, and Notting Dale Songs, Inc. brought a copyright infringement and declaratory judgment action against Defendants Atlantic, WEA, Dijon McFarlane ("DJ Mustard"), Omarion, Songs of

---

[1] "Songs of Universal, Inc" is being sued under the incorrect name, "Universal Music-MGB NA, LLC." (Defs.' Mem. Supp. Mot Recons., ECF No. 45, at 1.)

Universal, and Songs Music Publishing, LLC ("Songs Music"). (ECF No. 1.) The Complaint alleges that these Defendants[2] infringed Plaintiffs' copyright in the song "Came to Do" by creating, manufacturing, performing, and otherwise exploiting "Came to Do" in the song "Post to Be." (*See, e.g.*, Compl., ¶ 39.) On December 23, 2016, the Moving Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 19.)

On August 24, 2017, the Court dismissed Plaintiffs' claim for copyright infringement. The Order held that because Christopher "Chris" Brown was a copyright owner of both "Came to Do" and "Post to Be," it was impossible for "Post to Be" to infringe on "Came to Do." (ECF No. 35, at 5–6.) For that reason, the Court partially granted Defendants' Motion to Dismiss. (*Id.* at 6.) The Order held, however, that if "Post to Be" is a derivative work of "Came to Do," then Defendants could still be liable to Plaintiffs for an accounting of profits from "Post to Be." (*Id.*) The Moving Defendants now move for reconsideration of that latter portion of the Order. (ECF No. 44.)

## II. DISCUSSION

### A. Motion for Reconsideration

#### 1. Legal Standard

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (Berman, J.) (internal quotation marks and citation omitted). To prevail on a motion for reconsideration and

---

[2] On September 15, 2017, Plaintiffs attempted to file a First Amended Complaint that includes additional Defendants. (*See* ECF No. 41.) To date, the First Amended Complaint has not been properly filed. (*See* ECF No. 48.) Because Plaintiffs' original Complaint was the operative pleading at the time the Court's August 24 Order was issued, the Court treats it as the operative pleading for the purposes of this Opinion and Order. (*See* ECF No. 1.)

2

reargument, "the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (Marrero, J.). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (Leisure, J.). The standard is "strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court." *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 739 F. Supp. 209, 211 (S.D.N.Y. 1990) (Cannella, J.) (internal quotation marks and citation omitted).

2. Application

The viability of an accounting claim against the Moving Defendants was not fully litigated before the Court issued its August 24 Order. In their original Complaint, Plaintiffs did not bring a standalone claim for an accounting. (*See* Compl., ECF No. 1, at 8–13.) And in their motion to dismiss papers, the parties did not discuss whether an accounting claim could be viable against the *Moving Defendants*, but instead only whether an accounting claim could be viable against non-party *Chris Brown*.[3] (*See* Pls.' Suppl. Opp'n Mot. Dismiss, ECF No. 33, at 4; Defs.' Mem. Supp. Mot. Dismiss, ECF No. 22, at 17 n.13.) For this reason, before the Court issued the Order, the Moving Defendants did not have the opportunity to provide the Court with the legal arguments and clarifications they now make in their Motion for Reconsideration. Because these arguments were not fully considered by the Court, the Moving Defendants'

---

[3] Chris Brown was not a party to the Complaint, but is listed as a party in the First Amended Complaint. (ECF No. 41, ¶ 14.)

Motion is now properly before it. Accordingly, the Court will reconsider the portion of its Order that permitted an accounting claim against the Moving Defendants.

**B.     Accounting Claim**

   1.     Legal Standard

A claim for accounting is "a creature of state law rather than of the Copyright Act." *Iza Music Corp. v. W & K Music Corp.*, 995 F. Supp. 417, 418 (S.D.N.Y. 1998) (Rakoff, J.). Under New York law, an accounting claim generally requires proving (i) the existence of a fiduciary or confidential relationship and (ii) the breach of that relationship. *Leveraged Leasing Admin. Corp v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 49 (2d Cir. 1996) ("In order to sustain an equitable action for accounting under New York law, a plaintiff must show either a fiduciary or confidential relationship with the defendant.") (citing *Palazzo v. Palazzo*, 121 A.D.2d 261, 265 (1st Dep't 1986)); *Soley v. Wasserman*, 823 F. Supp. 2d 221, 237 (S.D.N.Y. 2011) (Wood, J.) ("Under New York law, a plaintiff seeking an accounting, which is an equitable remedy, must allege both a fiduciary relationship between the plaintiff and defendant and a breach of that fiduciary duty by the defendant.") (citation and internal quotation marks omitted). In the context of copyright ownership, in particular, a copyright co-owner may bring an accounting claim against other co-owners for profits they made from exploiting the copyright. *Thomson v. Larson*, 147 F.3d 195, 199 (2d Cir. 1998) ("Joint authorship entitles the co-authors to equal undivided interests in the whole work—in other words, each joint author has the right to use or to license the work as he or she wishes, subject only to the obligation to account to the other joint owner for any profits that are made."); *Jerry Vogel Music Co. v. Miller Music*, 272 A.D. 571, 573 (1st Dep't 1947) (holding that copyright co-owners owe an accounting to each other for profits they receive from copyright licensees), *aff'd sub nom. Jerry Vogel Music Co. v. Miller Music Inc.*, 299 N.Y. 782 (1949).

4

Unlike a copyright co-owner, a copyright *licensee* owes no duty to "pay any royalties or other consideration" to the co-owners of a copyright, apart from any fees owed by agreement. *Davis v. Blige*, 505 F.3d 90, 100 (2d Cir. 2007). Instead, the duty to account for profits "runs only between co-owners of a copyright." *Lindsay v. Wrecked & Abandoned Vessel R.M.S. TITANIC*, No. 97-CV-9248 (HB), 1999 WL 816163, at *7 (S.D.N.Y. Oct. 13, 1999) (Baer, J.) (citing *Margo v. Weiss*, No. 96-CV-3842 (MBM), 1998 WL 2558, at *9 (S.D.N.Y. Jan. 5, 1998) (Mukasey, J.)); *Scroggins v. Scroggins*, No. 09-CV-5735 (RJD) (LB), 2012 WL 3229282, at *2 (E.D.N.Y. Aug. 6, 2012) (holding that co-owner of copyrighted material could seek accounting from co-owner, but not from licensee); *see also Greene v. Ablon*, 794 F.3d 133, 155 (1st Cir. 2015) ("[A]n accounting can only be sought from a co-owner, not the co-owner's licensee . . . ."); 1 Nimmer on Copyright § 6.12 ("A right of accounting may be enforced only as against the joint owner-licensor, and not as against his licensee."); 2 Patry on Copyright § 5:9 ("Where only one joint author grants a nonexclusive license, the nongranting joint author may not obtain an accounting from the nonexclusive licensee since that licensee is not a joint copyright owner.").

2.  Application

Plaintiffs do not allege a fiduciary or confidential relationship exists between them and the Moving Defendants. It is also undisputed that Plaintiffs and the Moving Defendants are not co-owners of either "Came to Do" or "Post to Be." Plaintiffs therefore have no viable New York state law accounting claim against the Moving Defendants. *See, e.g.*, *Davis*, 505 F.3d at 100–01.

Plaintiffs cite no decision where a court permitted a copyright holder to bring an accounting claim against someone other than a co-owner. (*See* Pls.' Opp'n Mot. Recons., ECF No. 51, at 5–7.) Defendants, by contrast, cite multiple decisions where courts have dismissed accounting claims against individuals who are not co-owners. (*See* Defs.' Mem. Law. Supp.

Mot. Recons., ECF No. 45, at 7–8 (citing *Lindsay v. Wrecked & Abandoned Vessel R.M.S. TITANIC*, 1999 WL 816163, at *7; *Margo*, 1998 WL 2558, at *9).) Plaintiffs claim that the decisions the Moving Defendants cite are distinguishable because the defendants there were licensees, whereas the Moving Defendants in this case had no license to use "Came to Do." (*See* Pls.' Opp'n Mot. Recons., at 6.) That is not entirely correct. In *Lindsay*, the court dismissed the accounting claim against defendant DCI because DCI was not a co-owner. 1999 WL 816163, at *7. Although DCI was the "licensee of a *putative* joint owner," it was disputed whether DCI's license was valid. *See id.* at *6–7 (emphasis added). The court held that regardless of whether DCI received a license from a true co-owner—i.e. from someone authorized to grant a license—the accounting claim against DCI must be dismissed because DCI was not a co-owner. *Id.* at *7. Similarly here, because the Moving Defendants and Plaintiffs are not co-owners or fiduciaries, no accounting claim against the Moving Defendants is viable under New York law. *See also Margo*, 1998 WL 2558, at *9 ("[T]he duty to account for profits presupposes a relationship as co-owners of the copyright . . . .").

Plaintiffs also argue that there would be an "unfair and unjust result" if they are not permitted to receive an accounting from the Moving Defendants. (*See* Pls.' Opp'n Mot. Recons., at 6.) That is not the case. This Court has already held that the Moving Defendants did not infringe Plaintiffs' copyright in "Came to Do." The Moving Defendants therefore do not owe Plaintiffs any damages for copyright infringement. The parties agree that the Moving Defendants and Plaintiffs are not co-owners, meaning that the Moving Defendants do not owe Plaintiffs any damages by virtue of that type of relationship. Plaintiffs instead seek damages because they believe it is unfair that the Moving Defendants are benefitting from Plaintiffs' copyright without paying them anything. (*See* Pls.' Opp'n Mot. Recons., at 6.) But in this respect, the Moving Defendants are no different from licensees. If Chris Brown had licensed

6

"Came to Do" to the Moving Defendants, there is no question that the Moving Defendants would owe nothing to Plaintiffs. *See, e.g., Davis*, 505 F.3d at 100. Chris Brown's co-authorship of "Came to Do" accomplished the same result.

Accordingly, because Plaintiffs have no viable copyright infringement or accounting claim against the Moving Defendants, each of these Defendants—Atlantic, WEA, Omarion, and Songs of Universal—is dismissed from the case.

### C. Defendants Songs Music and DJ Mustard

Although Defendants Songs Music and DJ Mustard did not join the Moving Defendants' Motion for Reconsideration, they are similarly not co-owners of "Came to Do." Thus, the same reasoning that applies for dismissing the Moving Defendants also applies to Songs Music and DJ Mustard. Unless the parties object within fourteen days, by November 16, 2017, the Court will assume that Songs Music and DJ Mustard wish to join the Moving Defendants' Motion for Reconsideration, which the Court will grant for the same reasons set forth in this Opinion and Order.

## III. CONCLUSION

For the reasons set forth above, the Moving Defendants' Motion for Reconsideration is GRANTED. The portion of this Court's August 24, 2017 Order that permitted Plaintiffs to assert an accounting claim against the Moving Defendants and allowed for discovery on that claim is VACATED.

Because this Opinion and Order impacts the viability of certain claims in Plaintiff's First Amended Complaint (ECF No. 41)—and because the First Amended Complaint has still not been properly filed (*see* ECF No. 48)—Plaintiffs shall file a Second Amended Complaint within twenty-eight days, by November 30, 2017, or otherwise advise the Court by that time as to how they wish to proceed. In the Second Amended Complaint, Plaintiffs are not permitted to re-

allege any claims for copyright infringement or accounting against the Moving Defendants.

The Clerk of Court is directed to terminate the motion at docket entry 44.

SO ORDERED.

Dated: New York, NY
      November 2, 2017

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge